J-S55016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DARRYL BUTLER, | : | |
| | : | |
| Appellant | : | No. 3126 EDA 2013 |

Appeal from the PCRA Order Entered October 22, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0615311-1992.

BEFORE:  BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 22, 2014**

Appellant, Darryl Butler, appeals *pro se* from the order entered on October 22, 2013, that denied as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court set forth the relevant facts and procedural history of this matter as follows:

> On March 29, 1993, following a jury trial, Petitioner was found guilty of first degree murder and possession of an instrument of crime.  Petitioner was formally sentenced by the Honorable David Savitt to a term of life imprisonment on February 16, 1994.  On September 15, 1994, the Pennsylvania Superior Court affirmed the judgment of sentence.  *Allocatur* was denied [October] 27, 1994.[1]

---

[1] The PCRA court opinion erroneously indicates that the Supreme Court denied *allocatur* on December 27, 1994.  ***See Commonwealth v. Butler***,

On January 16, 1997, Petitioner filed his first *pro se* PCRA petition. Counsel was appointed, and an Amended Petition filed. After review, on April 7, 1998, Petitioner's first PCRA petition was dismissed. The dismissal was affirmed by the Superior Court on June 9, 1999.

On September 19, 2002, Petitioner filed his second PCRA petition. After review, it was dismissed as untimely on April 8, 2003. The Superior Court affirmed the dismissal on April 15, 2004.

On January 3, 2006, Petitioner filed his third PCRA petition. After review, the petition was dismissed as untimely. The Superior [Court] affirmed the dismissal on March 11, 2008. *Allocatur* was denied August 14, 2008.

Petitioner filed the instant PCRA petition, his fourth, on July 1, 2011.[2] After conducting an extensive and exhaustive review of the record and applicable case law, this Court finds that Petitioner's petition for post conviction collateral relief is untimely filed. Therefore, this Court does not have jurisdiction to consider Petitioner's PCRA petition.

PCRA Court Opinion, 10/22/13, at 1-2.

Appellant presents the following issue for our review:

Did the PCRA Court abuse [its] discretion in denying the PCRA [petition] in this instant case?

---

655 A.2d 983 (Pa. 1994) (petition for allowance of appeal denied October 27, 1994).

[2] Based on the postage time stamp on Appellant's fourth PCRA petition, it appears that the notice was deposited in the prison's mail on June 29, 2011. Although this discrepancy does not affect our disposition of the case, we will deem Appellant's fourth petition to be filed on June 29, 2011, pursuant to the "prisoner mailbox rule." **See Commonwealth v. Crawford**, 17 A.3d 1279, 1281 (Pa. Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing.").

Appellant's Brief at 1.

It is well settled that the timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date his judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, January 16, 1996, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (explaining the application of the PCRA grace *proviso*).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[3]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant's judgment of sentence became final on January 25, 1995, ninety days after the Pennsylvania Supreme Court denied *allocatur* and time expired for Appellant to file an appeal with the United States Supreme Court.  42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.  Accordingly, Appellant's judgment of sentence became final prior to the effective date of the PCRA amendments.  However, Appellant's instant PCRA petition, which was filed on July 1, 2011, does not qualify for the grace *proviso* as it was neither Appellant's first PCRA petition,

---

[3] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

nor was it filed before January 16, 1997. Thus, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Appellant attempts to invoke the exception of the after-recognized constitutional right enumerated at 42 Pa.C.S. 9545(b)(1)(iii). Appellant's Brief at 2. Appellant maintains that *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009), created "a new rule of law" and that rule should be applied retroactively to Appellant's case. *Id.* at 6, 10. Invoking *Melendez-Diaz*, Appellant claims that he was denied his right to confrontation when the Commonwealth failed to make the forensic pathologist and toxicologist available for examination at trial. *Id.* at 2. Accordingly, Appellant maintains that he is entitled to a new trial. *Id.* at 6.

We first note that the United States Supreme Court filed the ***Melendez-Diaz*** decision on June 25, 2009. Because Appellant filed his petition in 2011, far outside of the sixty-day filing period required by section 9545(b)(2), he did not successfully invoke an exception necessary to circumvent the PCRA's timeliness requirement. ***See Commonwealth v. Leggett***, 16 A.3d 1144, 1146 (Pa. Super. 2011) (stating that a PCRA petition must be filed within sixty days of the filing of the judicial decision that created a new right).

Furthermore, we have held that ***Melendez-Diaz*** did not establish a new constitutional right for the purpose of the timeliness exception at 42 Pa.C.S. § 9545(b)(1)(iii). ***Leggett***, 16 A.3d at 1147. The majority in ***Melendez–Diaz*** expressly provided that its holding was not new, but stated that the Court was "faithfully applying [***Crawford v. Washington***, 541 U.S. 36 (2009)] to the facts of th[e] case," and its decision "involves little more than the application of [its] holding" in ***Crawford***. ***Melendez–Diaz***, 557 U.S. at 313, 329.

Moreover, with regard to Appellant's claim that ***Melendez-Diaz*** should be applied retroactively, we have encountered this claim previously and have explained:

> ***Melendez–Diaz*** has not been held by the Supreme Court to apply retroactively on collateral appeal[fn] and "the [Court] has expressly provided that its decision in ***Crawford***, upon which ***Melendez–Diaz*** relies, does not apply retroactively to cases

already final on direct review." ***Commonwealth v. Leggett***, 16 A.3d 1144, 1147 (Pa.Super.2011) (citing ***Whorton v. Bockting***, 549 U.S. 406, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007) (holding ***Crawford*** does not apply retroactively because it was not "a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding")).

> [fn] The U.S. Supreme Court has directed lower courts to apply ***Melendez–Diaz*** to cases pending final review on direct, but not collateral, appeal. ***Commonwealth v. Leggett***, 16 A.3d 1144, 1147 n. 8 (Pa.Super.2011).

***Commonwealth v. Brandon***, 51 A.3d 231, 236 (Pa. Super. 2012).

Because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014